SUDDERTH, GUARDIAN, *v.* McCOMBS AND SUDDERTH, ADM'RS.

A. H. SUDDERTH, Guardian *vs.* R. D. McCOMBS, and D. S. SUD-DERTH, Adm'rs.

In cases of appeal from the Probate Court to the Superior Court, the Judge has the same right to allow amendments as if the case had been constituted in his Court.

Amendments, which promote justice and a trial on the merits, are in general liberally allowed; but in all cases the application should be made in due time, or sufficient reason be shown for the delay.

It is the right and duty of an appellant, subject to the provisions of the Code, to direct what part of the record shall be sent up; only so much should be sent up as will show that there was a case duly constituted in Court, and the verdict, judgment, and such portions of the proceedings, evidence and instructions of the Judge, as will enable the Court to pass on the exceptions.

Motion to amend pleadings, heard before *Cannon, J.,* at Spring Term, 1872, of CHEROKEE Superior Court.

This was a special proceeding, commenced in the Probate Court of Cherokee, by the plaintiff as guardian against the defendants, as administrators of A. Sudderth, former guardian of A. McD., and Ann Elizabeth Harshaw.

The Judge of Probate stated the account, and defendants filed exceptions, which were overruled, and judgment was rendered in favor of the plaintiff, and defendants appealed.

The cause coming on to be heard before his Honor, defendants asked leave to add to their answer, by way of plea: "That they have administered the estate of their intestate, and have not assets applicable to this demand." The Judge was of opinion that, "he had not authority to amend the pleadings on this appeal, but for the purposes of Justices the case is remanded to the Probate Judge to make such amendments as may be necessary to obtain justice." The plaintiff excepted to this order, remanding the cause, and prayed an appeal to the Supreme Court.

23

*J. C. L. Gudger*, for the plaintiff.
No counsel for the defendants.

RODMAN, J. No reason has been suggested, or occurs to us, why the Judge should have doubted his power to pass on the amendment moved for. He had the same right to allow amendments, as he would have had if the case had been commenced in his Court. We think he ought to have decided on the motion of the defendants, and to have allowed or refused it. So far as the circumstances appear to us, it was in his discretion to allow or refuse it, according as in his opinion the interests of justice required. Amendments which promote justice and a trial on the merits are in general liberally allowed, but in all cases the application should be made in due time, or sufficient reason be shown for the delay. The Judge may impose proper terms as conditions on allowing an amendment, and if the opposite party has incurred expense or costs by the delay, it would seem only reasonable that he should be indemnified. These observations are made in a general sense, and with no wish to influence the discretion of his Honor. The effect of the proposed amendment, however, if it shall be allowed, will be a matter of law.

The judgment remanding the case to the Probate Court is reversed, and the case is remanded to the Superior Court to be proceeded in, &c.

The record sent up here contains a great deal of matter which is irrelevant to the question presented by the appeal, and which ought not to have been sent up. It is the right and duty of an appellant, subject to the provisions of the Code for settling a case on appeal, to direct what part of the record shall be sent up. This should always be stated in the case. Only so much should be sent up as will show that there was a case duly constituted in Court, the verdict and judgment and such portions of the proceedings, evidence and instructions of the Judge, as will enable the Court to pass on the exceptions. It

is impossible, by a general rule, to say, in detail, what shall be sent up or not, as that depends on the nature and circumstances of each case. But it is easy to say in any given case what is clearly immaterial. We feel it our duty to suppress, as far as we can, the unnecessary costs arising from sending up voluminous transcripts of immaterial records and papers. In this case the report of the Probate Judge and the evidence accompanying it, and the exceptions to it were clearly immaterial. The appellant will recover his costs of this Court except the cost of such transcripts, and the Judge below will decide upon any question of costs, arising out of such unnecessary matter, between the appellant and the Clerk of the Superior Court.

PER CURIAM.                                    Judgment affirmed.