W. W. ROLLINS et al. v. M. H. LOVE, Adm'r.

*Appeal—Undertaking on Appeal—Judgment.*

1. An appeal which is docketed in the Supreme Court at any time during the Term next after it was taken, is in time, and will not be dismissed, except as provided by Rule 2, par 8.

2. If the appeal is not docketed before the call of the district in which it belongs, the appellee may move to docket and dismiss under Rule 2, par. 8.

3. An appeal will not be dismissed because of defects in the undertaking on appeal, unless the provisions of ch. 121, Laws of 1887, are observed.

4. As this statutory regulation only affects the procedure, the Legislature had power to make its terms applicable to appeals pending at the time of its passage.

5. Where a judgment is rendered against two defendants, one only of whom appeals, the appeal does not vacate the judgment as to the defendant who does not appeal.

6. Where a judgment has been rendered against a surety to a bond, who died after the judgment was entered, his administrator cannot set up as a defence to a notice to show cause why judgment should not be entered against him as administrator, and execution issue, that his intestate was insane when he signed the bond. Such matter must be brought forward by a direct proceeding to attack the judgment.

(*Barbee* v. *Green*, 91 N. C., 158; *Cross* v. *Williams*, 91 N. C., 496; *Williams* v. *Hartman*, 92 N. C., 236; *Fowler* v. *Poor*, 93 N. C., 466; cited and approved).

MOTION in a cause pending in BUNCOMBE Superior Court, heard by *Avery, Judge*, at August Term, 1886, of said Court.

After the appeal was docketed in this Court, a motion to dismiss was made; 1st, Because the appeal was taken from a judgment rendered at August Term, 1886, of the Superior Court, and the appeal was not docketed in the Supreme Court until December 22d, 1886, and 2d, Because the undertaking on appeal was not in the terms required by the statute.

The October Term, 1886, of the Supreme Court, had not expired on December 22d, when the appeal was docketed.

The facts on the merits were as follows:

It appears that the action of *W. W. Rollins et al.* v. *R. M. Henry*, brought to recover land, was pending in the Superior Court of the county of Buncombe, and the defendant therein, in order to entitle himself to make defence, executed his undertaking in that behalf, as required by the statute, (*The Code*, §237,) in the sum of $3,000, with R. G. A. Love as his surety thereto.

Afterwards, at Spring Term, 1880, the plaintiff in that action and the appellee here, obtained judgment against the defendant therein and his said surety, for $2,400, from which judgment the defendant appealed to this Court. (*Rollins* v. *Henry*, 84 N. C., 569.)

At January Term, 1881, of this Court, the judgment so appealed from was affirmed, and judgment was entered in pursuance of that affirmance, in the Superior Court at the August Term thereof, 1881.

The said surety, R. G. A. Love, died pending the appeal mentioned, in May, 1880, and the present appellant was appointed administrator of his estate in June of the same year.

On the 11th of October, 1884, the appellant was served with notice to appear in Court, "to show cause why judgment should not be entered against him, and execution issue thereon," as to the judgment above mentioned. Thereupon, the appellant appeared and opposed the motion of the appellee for judgment and execution, and in answer thereto, alleged:

I. That at the time R. G. A. Love executed and signed the defence bond in said action, he did not have sufficient mental capacity to know the nature and obligation of said bond, or to make a contract, or to execute said bond.

II. That at the time of entering said judgment, R. G. A. Love was deceased, and the defendant, M. H. Love, was not made a party to said suit, and was not a party to said judgment, and had had no day in Court.

V. That plaintiffs' motion is barred by the statute of limitation, which defendant especially pleads in bar of plaintiffs' recovery.

Wherefore the said M. H. Love demands that said motion be dismissed with costs.

The Court heard the motion, and gave judgment, of which, except the recitals therein, the following is a copy:

"Now, on motion of counsel for the plaintiffs, it is adjudged that the answer of the defendant is insufficient, and that the defence therein set up cannot be pleaded or shown on this motion; that said judgment, to-wit: the judgment of Spring Term, 1880, be continued and revived against the said defendant, M. H. Love, as administrator of R. G A. Love, deceased, and that said plaintiffs have execution for damages and costs aforesaid and interest thereon, against said Love, administrator of R. G. A. Love, according to the force, form and effect of the said judgment, and for costs of this motion."

From this judgment, the administrator, M. H. Love, appealed to this Court.

*Mr. Chas. M. Busbee,* for the plaintiffs.
*Messrs. R. D. Gilmer* and *John Devereux, Jr.,* for the defendant.

MERRIMON, J., (after stating the facts). This appeal was taken at August Term, 1886, of the Superior Court of the county of Buncombe, but was not docketed in this Court within the first eight days of the October Term, 1886, thereof, as it ought regularly to have been, and not until December 22d, 1886, during the Term, but after the call of the docket of the district to which it belonged. The appellees moved at the present Term to dismiss it, upon the ground that it was not docketed in due time.

The motion cannot be allowed. This appeal ought to have been brought up within the first eight days of the last October Term of this Court, but that it was not, is not ground for dismissing it—this only worked a continuance. As it was not docketed as required by Rule 2, par. 7, within the first eight days of the Term, the appellees might, after the perusal of the docket, have moved to *docket and dismiss* the appeal, as allowed by Rule 2, par. 8, but they did not choose

to do this, and so lost their opportunity to do so; it was too late after the appeal was docketed. *Barbee* v. *Green*, 91 N. C., 158; *Cross* v. *Williams*, Ibid., 496.

As a second ground of the motion to dismiss the appeal, it was insisted that the undertaking upon appeal was insufficient. This we cannot consider, because the statute, (Acts 1887, ch. 121,) require that twenty days' notice of a motion to dismiss an appeal upon such ground must be given the appellant as therein prescribed, and such notice has not been given. It applies by its terms to appeals pending at the time of its passage. This statutory regulation is one that simply affects the course of procedure, that the Legislature might have made applicable to appeals before this appeal was taken, and as it is merely such a regulation, it does not destroy or impair any vested right of the appellees.

Obviously, the judgment against the intestate of the appellant, of which he complains in his answer to the rule upon him to show cause, &c., was not vacated as to him, by the appeal of his co-defendant Henry, and it does not appear that he appealed, as it should do if he did, and as it does not, the presumption is he did not. So that the judgment, certainly so far as appears, was rendered against him in his life-time, and remained operative and effectual against him at the time of his death.

Nor can we see how in any aspect of the case, the statute of limitation was a bar to the motion of the appellees, if it were a proper one to be made, as to the judgment.

It seems that the appellant made no question as to the propriety and competency of the motion of the appellees, in the absence of valid objections to the judgment, and we are not called upon to express any opinion, nor do we, in that respect. The alleged mental incapacity of the intestate to execute the undertaking and thereby bind himself, upon which the appellees recovered judgment, was not pertinent or material in opposition to their motion, because, the judg-

ment was upon its face regular and valid, and its integrity could not be thus attacked.

Such incapacity was ground upon which the appellant might have attacked the judgment directly in that action by a proper proceeding, as it is still pending, or by independent action, if it were ended. *Williams* v. *Hartman*, 92 N. C. 236; *Fowler* v. *Poor*, 93 N. C., 466.

It was insisted on the argument before us, that the Court might—ought—to have treated the answer to the rule to show cause as a motion or petition in the action, directed against the judgment. Perhaps the Court might have done so upon proper application, and after proper and necessary amendments to the answer. But the motion and matters pertinent to it were before the Court—to these the attention of the parties and Court were directed, and moreover, the appellant did not ask the Court to so treat his answer. In case he had done so, upon such application, the allegations ought to have been made more specific, and the appellees should have had reasonable opportunity to answer them, and thus in an orderly way, have raised issues of law and fact, the appellant being the actor and so treated. Thus the proceeding would have been substantially a different one from that before the Court. Ordinarily, it is the office of counsel—not that of the Court—to advise and direct litigants as to the proper methods of demanding and seeking redress through the Courts. It may be, that the appellant can yet attack the judgment directly, in the way indicated, but as to that, no question is before us, and we express no opinion in that respect.

In our judgment the assignment of error in the record is not well founded, and the judgment must be affirmed.

To the end that further proceedings may be had in the action, let this opinion be certified to the Superior Court.

No error.                                          Affirmed.