R. J. BRYAN et al. v. EMMA V. MORING et al.

*Appeal—Motion to Dismiss—Rules of the Supreme Court.*

1. An appeal will not be dismissed if it is not docketed " within the first eight days of the term (of Supreme Court) or before entering on the call of cases from the Judicial District to which the case belongs," but will be continued.

2. An appeal will not be dismissed because the Clerk of the Superior Court fails to send up a proper transcript, but the appellant will be given an opportunity to perfect record.

This was an issue of *divisavit vel non,* tried before *Shepherd, J.,* at Fall Term, 1887, of CHATHAM Superior Court.

In this Court the appellees made a motion to dismiss the appeal.

*Messrs. John Hinsdale* and *C. M. Busbee,* for plaintiffs.

*Messrs. Geo. H. Snow, John W. Graham* and *Jno. Manning,* for defendants.

MERRIMON, J.   The appeal in this case was taken at the last October Term of the Superior Court of the County of Chatham, but it was not sent up and docketed in this Court until the 10th of March, too late to stand for argument at the present term, as it would have done if it had been brought up regularly under the Rule as it should have been, and docketed "within the first eight days of the term, or before

entering on the call of cases from the Judicial District to which the case belongs." As it was not thus docketed, the appeal stands continued under Rule 2, § 7.

After the appeal had been docketed here, the appellees exhibited a certificate of the Clerk of the Superior Court and moved to docket and dismiss the appeal, as they insisted they might do under § 8 of the Rule of this Court, cited *supra*. It is settled that this motion cannot be allowed. *Barbee* v. *Green*, 91 N. C., 158; *Hughes* v. *Boone*, decided at the present term.

Why the appellants failed to docket their appeal within the time prescribed does not appear. Such delays are frequent and the Court may find it necessary to provide a remedy against them by prescribing an appropriate rule of practice.

The appellees also moved to dismiss the appeal upon the ground that what is filed as a transcript of the record of the appeal is not such in fact or in contemplation of law. It must be conceded that what is intended to be a transcript of the record is very defective, but we can see sufficiently from what the Clerk recites and certifies under the seal of the Court, that an action was tried at the last October Term of the Superior Court mentioned above before a Judge named. As the transcript of the record appears at present it is insufficient, but a perfect one may be obtained before the case shall stand for argument.

The statute (*The Code*, § 551,) provides that " The Clerk receiving a copy of the case settled as required in the preceding section, shall make a copy of the judgment-roll and of the case and within twenty days transmit the same duly certified to the Clerk of the Supreme Court." It seems that the Clerk of the Superior Court has been remiss in transmitting a proper transcript of the appeal to the Clerk of this Court as the statute directs, and it is manifest that he misapprehends what such a transcript must embrace, and as well the

2

form of it.   The appellants should not suffer on this account. They are not, however, free from neglect; they·should have been careful to give their appeal prompt attention.

We take occasion here to suggest that the transcript of the record of the appeal should embrace only so much of the record of the action in the Superior Court as may be necessary to present the questions raised by the assignments of error for the decision of this Court.   It not infrequently happens that transcripts come here that embrace a vast deal of unnecessary, redundant matter, which multiplies the cost to be paid by the parties, and unnecessarily increase and confuse, more or less, the labors of counsel and the Court. This might easily be obviated by a careful and intelligent preparation of the transcript of the necessary record for this Court.   *Sudderth* v. *McCombs*, 67 N. C., 353.

We are of opinion that the appellees fail to show such cause as entitles them to have their motion allowed.

Motion denied.