JOHN RAY, JR., v. DAVID STEWART.

*Grants— Great Seal of State—Registration—The Code.*

The certificate of the Clerk of the Court, required by *The Code* as a pre-
requisite to the registration of instruments of writing named
therein, is not essential to the validity of the registration of a *grant;*
the great seal of the State is sufficient authority for such registra-
tion.

This was an ACTION for the possession of land, tried at
the November Term, 1889, of the Superior Court of HARNETT
County, before *Armfield, J.*

The complaint was in the usual form. The answer was a
general denial of its allegations.

" As evidence of his title, the plaintiff offered a grant in
usual form for the *locus in quo* from the State to Jacob Holder,
under whom the plaintiff claims, dated 28th December, 1852.
Said grant was registered in Register's office of Harnett
County in 1856, in which county the land lies, without pro-
bate, but simply on the exhibition of the grant to the Register.
The defendant objected to its introduction as evidence, for
the reason that its execution was not proven, and it had not
been probated, and its registration had not been directed by
any Court or officer. Its introduction was permitted, and
the defendant excepted. The plaintiff's recovery depended
upon the validity of said grant, and the use of it in evidence.

" There was judgment for the plaintiff. Motion for new
trial overruled. Appeal to the Supreme Court."

*Mr. R. P. Buxton,* for plaintiff.
*Messrs. W. E. Murchison, F. P. Jones* and *D. H. McLean,* for
defendant.

AVERY, J.—after stating the facts: *The Code,* §§ 2779 and
3328, provides that grants shall be authenticated by affixing

to them the seal of State, while under section 2781, if the Secretary of State shall certify that a grant was fairly obtained, the seal of State may be again attached to it, by order of the Governor, when that originally annexed has been destroyed.

Authentication of a writing, in its ordinary legal meaning, is attaching to it some certificate or evidence of its genuineness, that will make it admissible in evidence, as being what it purports to be, without proof by witnesses    Bouvier Law Dic.; Burrill L. Dic.    At common law, public documents or records that could not be removed, might be authenticated in one of two modes— either by certificate of the officer having the custody of the record or document, or by an exemplified copy attested by the great seal of State.    1 Greenleaf Ev., §§ 501 to 507.    Our Courts take judicial notice of the great seals of all governments that are recognized by our own government, and admit, as genuine, copies of foreign records or laws authenticated by them.    *U. S.* v. *Amedy*, 11 Wheaton, 392; *U. S.* v. *Johns*, 4 Dall., 412; *State* v. *Carr*, 5 N. H., 367.    So that, under the principles of the common law, in the absence of any statutory requirements, an original grant, or copy from the office of the Secretary of State, verified by the great seal of the State, would have borne internal evidence of genuineness sufficient to satisfy any Court in this or any other State of the Union.    *Clarke* v. *Diggs*, 6 Ired., 159; *Candler* v. *Langsford*, 4 Dev. & Bat., 18.

But *The Code* (§ 2779) requires that all grants shall be registered, in the county where the land lies, within two years after they shall be issued, and allows any person interested to cause a certified copy from the Secretary of State to be registered in such county, with the same effect as if it had been the original.    The time was extended by successive Legislatures, so that the limit of two years for recording them does not affect this case.

The defendant contends that, though the registry on a duly certified copy of the record of any deed or other instru-

ment required or allowed to be registered, may, under the provisions of *The Code*, § 1251, be given in evidence in any Court of the State, a copy of a grant is not properly proven and is not such a document as the law allows to be recorded by the Register of Deeds, until the Clerk of the Superior Court of the county where the land lies shall adjudge the certificate to be in due form, admit it to probate and order it to be registered in accordance with the provisions of *The Code*, § 1246, and that, not being duly registered, a copy is not "good and available in law," under the construction given to *The Code*, § 1245, as assumed by ch. 147, Laws of 1885.

We do not think that our statutes are fairly susceptible of the interpretation that the Clerk of the Superior Court of a county, whose seal cannot be recognized beyond the limits of the State, must adjudge that the patent of the sovereign State, attested in the manner prescribed by law, is certified in due form, and order it to be registered, before the Register can be satisfied of its genuineness and enter it in his record of deeds. When we analyse § 1246 of *The Code*, with its ten sub-sections, it becomes very apparent that it was not intended to apply to grants. The State of North Carolina, being the grantor, "does not reside in any county in the State, nor outside of the State, but within the United States, nor outside of the United States," and, therefore, a grant cannot be admitted to probate under the mode of proving prescribed in either of the first four sections. Sub-sections five and six relate to cases where one of the grantors is a *feme covert;* sub-section seven prescribes a form of certificate, while the remaining three point out the manner of proving instruments where the maker, or witnesses, or both, are dead, or non-residents of the State. Section 2, ch. 147, Laws of 1885, provides, "that all deeds, contracts or leases, before registration, except those mentioned in § 2 hereof, shall be acknowledged by the grantor, lessor, or the person executing the

same, or their signatures proven on oath by one or more witnesses in the manner prescribed by law, and all deeds so executed shall be valid and pass title and estates without livery of seizin, attornment, or other ceremony whatever." If grants from the State are comprehended under the general description of "deeds, contracts or leases" (which we are not prepared to admit), the requirement that the proof should be made by acknowledgment of the grantor, or on oath by one or more witnesses, cannot be construed to confer on Clerks of the Superior Court the power to pass upon a patent, signed by the Governor, counter-signed by the Secretary of State, and authenticated by the great seal of State, and declare that it is, or is not, in due form for registration. As the sovereignty of the State is in its citizens, and its officers are not authorized by law to make any acknowledgment other than that embodied in the grant itself, and as the form of grant is prescribed in § 2779 of *The Code*, without witnesses, it is as clearly impossible to subject them practically to the stringent provisions of the Act of 1885 as to find a clause or sub-section of § 1246 of *The Code* applicable to them.

We think, therefore, that there is no statutory requirements that further authentication than the affixing of the great seal of State to a grant, in the form prescribed by statute, must be made to authorize a Register of Deeds to enter it on his records, and we would hesitate to construe our laws as inaugurating a change so radical, if not unreasonable.

Affirmed.