R. R. PORTER, Administrator, v. THE WESTERN NORTH CARO-
LINA RAILROAD COMPANY.

*Docketing Appeals—Motion to Dismiss—Rules of the Court.*

1. A case was tried at the August Term, 1889, of the Superior Court and
docketed in the Supreme Court April 14th, 1890. The case was
settled and filed in the Superior Court Clerk's office in time for the
transcript to have been docketed for appeal in this Court before
the call of causes for that district: *Held*, the appeal must be dis-
missed; and this, though the appellee did not move to docket and
dismiss during the week allotted for that district.

2. Discussion by CLARK, J., of the rules of appeal applicable in such
cases.

This was a CIVIL ACTION, tried before *Clark, J.,* at Fall
Term, 1889, of BUNCOMBE Superior Court.

The facts are set out in the opinion.

*Mr. G. A. Shuford* (by brief), for plaintiff.
*Messrs. D Schenck* and *F. H. Bushee,* for defendant.

CLARK, J.: This cause was tried at August Term, 1889, of
Buncombe Superior Court, and the appeal was docketed
here April 14th, 1890. The case on appeal was settled and
filed in the Clerk's office below, in time for the transcript
on appeal to have been docketed here before the call of
causes from that district was concluded at Fall Term, 1889.
The appellant, however, insists that as the appellee did not
move to docket and dismiss during the week allotted to that
district, that the appeal, docketed at this term, cannot be dis-
missed, and relies upon *Barbee* v. *Green,* 91 N. C., 158; *Rol-
lins* v. *Love,* 97 N. C., 210, and *Bryan* v. *Moring,* 99 N. C., 16.
This is a misconception of the purport of those decisions.
The rules in regard to the time in which appeals should be

PORTER *v.* RAILROAD.

docketed have been often construed, and the decisions may be summarized as follows:

1. Appeals in causes tried before the commencement of a term of this Court must be docketed at such term before the completion of the call of causes from the district to which they belong.  Rule 5.

2. If not docketed before the call of causes from that district is concluded, the appellee may docket a certificate under Rule 17 and have the appeal dismissed.

3. If the appellant does not do this, and the appeal is docketed at such term of this Court which begins next after the trial below, but after the perusal of the district to which it belongs, the appellee cannot then move to dismiss.  *Bryan* v. *Moring*, and other cases above cited and relied on by the appellant.  But the neglect of appellee to move to docket and dismiss extends no further, and if the appeal is docketed at a term of this Court after the one at which it is required to be filed, the appeal will be dismissed on motion.

4. Appeals taken from judgments rendered below during the progress of a term of this Court are not necessarily to be docketed at such term, but are in time if docketed at the first term of this Court *beginning* next after the trial below. If, by reason of observance of the statutory time allowed for settling cases on appeal, a cause is docketed here before the perusal of the district to which it belongs, at the same term of this Court which was in progress when the trial below was had, it stands regularly for trial.  Rule 5.  *Avery* v. *Pritchard*, at this term.

5. Appeals in criminal cases, and civil cases submitted upon printed arguments under Rule 10, are heard at the first term, even if docketed after the perusal of the district to which they belong

6. If, by neglect of the Judge, Clerk, or cause other than neglect of the appellant, the "case on appeal" cannot be docketed at the term at which it is required to be filed, it is

the duty of the appellant to docket the rest of the transcript at such term, and move for a *certiorari*, or he will lose his appeal. *Pittman* v. *Kimberly*, 92 N. C., 562.

The appeal here not having been docketed at the first term of this Court which began after the trial below, must be dismissed. Appeal dismissed.