### J. M. MITCHELL v. PATSEY TEDDER.

#### *Appeal.*

When the transcript of the record is not accompanied by a case on appeal (where such case is required) and no error appears in the record, the Supreme Court will, upon motion, or may, *ex mero motu*, affirm the judgment rendered below, unless good cause is shown for the apparent *laches* of the appellant.

APPEAL, from WILKES Superior Court, Fall Term, 1889, *Gilmer, J.,* presiding.

*Mr. W. W. Barber,* for plaintiff.
No counsel for defendant.

CLARK, J.: When this case was before us at last term (107 N. C., 358) there was no "case settled on appeal," and we held that judgment below might be properly affirmed. But as no motion to that end had been made by the appellee, instead of entering such judgment *ex mero motu*, as might have been done, the case was remanded to give the appellant another opportunity to have the case settled. This was four months since. When the cause was regularly called, in its order, at this term, it appeared that no "case settled" had yet been filed. There is no affidavit negativing *laches*, and no application for *certiorari* based thereon. *Pittman* v. *Kimberly*, 92 N. C., 562. Appellees have rights as well as appellants, and among them is the right to an affirmance of the judgment of the Court below, when the appellant displays such *laches* in presenting his case for review in this Court.

Nor are we inadvertent to the fact that this is an action in ejectment, in which the defendant was permitted to defend without giving bond, and has also appealed to this Court without security. The action was begun four years ago, and

the plaintiff, who, by the verdict of the jury and the judgment of the Court below, was adjudged (over eighteen months ago) the owner, and entitled to the possession of the premises, is kept out of the same and from enjoyment of the rents and profits without any hope of recovering compensation for the detention or any of the costs and disbursements of so protracted a litigation. The appellant has no right to speculate upon the chances of further delay and the profitableness of negligence. There being no error on the face of the record, the motion of the appellee to affirm the judgment must be allowed.

Affirmed.