JOHN L. HINTON v. GRIFFIN PRITCHARD.

*Appeal—Rules 5, 17 and 28.*

Where the appellant fails to docket his appeal during the term at which,
   under the statute and Rules of Court, it should be docketed, it will
   be dismissed on motion, notwithstanding the appellee did not
   docket the certificate and dismiss the appeal, as he might have
   done under Rule 17.

Motion to dismiss appeal.

*Messrs. E. F. Aydlette* and *W. J Griffin,* for appellant.
*Mr. W. D. Pruden,* for appellee.

CLARK, J.: The appellee moves to dismiss the appeal on
the grounds—

1. That the record has not been printed, as required by
Rule 28.

2. That the appeal was not docketed at the Fall Term,
1890, of this Court, as required by Rule 5, the judgment
therein having been rendered prior to the beginning of said
term.

3. That the appellant has filed no appeal bond.

The appellant makes no defence as to the first ground
assigned. As to the second, he files an affidavit of his coun-
sel that, though the judgment was rendered and the case on
appeal was settled by the Judge prior to the beginning of
the Fall Term of this Court, he omitted, in the press of busi-
ness, to notify his client (the appellant) till after the docket
of the district had been called, and when it was too late to
have the cause argued at that term. The appeal was dock-
eted here January 23, 1891. If this excuse were entitled to
any consideration it is sufficient to say that, although the hear-
ing of that district had passed, as the appellee had not dock-

eted and dismissed the appeal as entitled to do (Rule 17), it was still the privilege and the duty of the appellant to docket his appeal during the Fall Term of this Court. *Porter* v. *Railroad*, 106 N. C., 478.

As to the third ground of the motion, the appellant has not offered to file a bond, or make a deposit in lieu thereof, which the Court is authorized, in its discretion, to permit to be done. Acts 1889, chapter 135.

On either one of the grounds assigned in his motion, the appellee is entitled to have the

Appeal dismissed.

NOTE.—*Joyner* v. *Hines* and *Whitehead* v. *Blandiford*, from Pitt County, and *Rodman* v. *Archbell*, from Beaufort County, were dismissed at this term upon same ground.