LINDSAY COLTRANE v. T. C. LAMB,

*Grant—Registration—Deed—Deputy—Exceptions on Appeal.*

1. It is not necessary to the validity of the registration of a grant of land by the State that its execution should be proven, as in conveyances by individuals, and an order made for its registration.

109 — 14

The great seal of the State is sufficient evidence of its authenticity to justify the Register in putting it upon the record.

2. Under Rev. Code, ch. 37, § 2—which was in force in the year 1867—Deputy Clerks of the Courts of Pleas and Quarter Sessions had authority to take proofs of the execution of instruments requiring registration.

3. An exception for failure to give an instruction requested should point out the error complained of, and if it involves any question as to evidence offered, that evidence should be set out.

CIVIL ACTION, tried at August Term, 1890, of GUILFORD Superior Court, *MacRae, J.,* presiding.

There was judgment for plaintiff and defendant appealed. The facts are stated in the opinion.

*Mr. L. M. Scott,* for plaintiff.
No counsel, *contra.*

MERRIMON, C. J.: The plaintiff and defendant are the owners of adjoining tracts of land, and the purpose of this action is to settle the line that divides their property. On the trial, for the purpose of locating the line in question, the plaintiff was allowed to put in evidence, the defendant objecting, a grant from the State of date the 16th of May, 1787, which was registered in the county of Guilford. The ground of objection was, that there did not appear any acknowledgment or order of registration thereon. The Court, upon inspection of the registration, found that the grant had been so registered more than one hundred years. The objection is without force. For the reasons well stated in *Ray* v. *Stewart,* 105 N. C., 472, the ruling of the Court must be sustained. See, also, *Freeman* v. *Hatley,* 3 Jones, 115.

For the like purpose, the plaintiff was allowed, the defendant objecting, to put in evidence a deed dated December 1st, 1848, which was proven and ordered to be registered, and registered in 1867; and also another deed, dated 27th of May, 1856, which was proven and ordered to be registered,

and registered in 1867.   The defendant's objection to these deeds was, that they were proven before and ordered to be registered by a Deputy Clerk.   The objection cannot be sustained.   Nothing to the contrary ,appearing, it must be taken that the Deputy Clerk who took the proof of the deeds and ordered the same to be registered, was the deputy of a Clerk of the late Court of Pleas and Quarter Sessions, and that he was duly qualified as such.   The objection is that such officer could not take proof and make such order of a deed. The statute pertinent (Rev. Stat., ch. 37, § 25; Rev. Code, ch. 37, § 2) expressly provides otherwise, and that the deputy may take probate of deeds, etc., of instruments and papers required to be registered.   That statute was in force during and long before the year 1867, when the deeds referred to were proven and registered.   *Suddereth* v. *Smyth*, 13 Ired., 452.

The defendant also excepted upon the ground that the Court failed to give the jury a particular instruction specified. It does not appear that it was error not to give the same. So far as appears, there was no evidence that warranted such instruction, nor does it appear that the nature of the contention of the parties rendered it pertinent.   So much of the evidence should always be stated in the case settled or stated for this Court, as to show the pertinency and purpose of the exception.   Otherwise, it must be disregarded. This Court cannot see that the instruction should have been given.   Moreover, it does not appear that the defendant requested the Court to give the same in addition to others that it gave in varying aspects of the case.

                                                    Affirmed.