GEORGE W. JOHNSTON v. S. V. WHITEHEAD et al.

*Appeal—Notice—Rule 17.*

1. An appellant is not entitled to notice of a motion to dismiss an appeal for failure to comply with the rules in respect to the transmission, docketing and printing the record.

2. Where an action was tried in June, 1890, and an agreement was made whereby appellant was allowed until January, 1891, to perfect his case, but he failed to have the case docketed or apply for a *certiorari* at Spring Term, 1891, of this Court, when the appeal was dismissed: *Held*, he was not entitled to have his appeal re-instated.

MOTION to reinstate an appeal.

*Mr. C. M. Bernard,* for plaintiff.
No counsel, *contra.*

CLARK, J.: This action was tried in the Superior Court of
Pitt, at June Term, 1890. At Spring Term, 1891, of this
Court, the transcript on appeal not having been brought up,
the appellee filed the requisite certificate, and had the appeal
dismissed under Rule 17. At this term (Fall, 1891), the
appellant moved to reinstate, and as cause therefor files an
agreement of counsel made in September, 1890; that time
till 31st of January, 1891, should be allowed the appellant
" to perfect case on appeal," and also urges that the motion
to dismiss was made without notice.

The agreement to give time, till 31st of January, 1891, to
perfect appeal would have been ground to resist a motion to
dismiss, if made at Fall Term, 1890, when the appeal should
in due course have been docketed, but was no excuse for the
transcript not being on file when the district to which it
belongs was called at Spring Term, 1891, or for a *certiorari*
not being applied for if the appellant was in no default. *Pitt-
man* v. *Kimberly,* 92 N. C., 562. Besides, if the appeal was
improperly dismissed, the motion to reinstate by the rule
(17) should have been made " during the term " at which it
was dismissed, and, if granted, the cause would have stood
for argument at this term. To permit the cause to be rein-
stated now is not only not authorized by the rules, but con-
trary to the rights of the appellee, as it would put off the
argument and decision of the appeal till Spring Term, 1892,
which regularly should have stood for argument at Fall
Term, 1890, and that, too, when, by appellant's own showing,
the agreement for delay only postponed the hearing till
Spring Term, 1891. If the case on appeal was lost or mis-
laid, the remedy of appellant was by a *certiorari* at the first

term of this Court. *Pittman* v. *Kimberly, supra; Bailey* v. *Brown,* 105 N. C., 127; *Porter* v. *R. R.,* 106 N. C., 478; *Mitchell* v. *Tedder,* 108 N. C., 266.

The objection that the motion to dismiss was granted without notice is without force. Notice of such motion is not required.

Appellants are too often prone to forget that appellees have rights. The "law's delay" is assigned by Hamlet as one of the great evils of life, and the barons at Runnymede thought it so great a one that they exacted the insertion of a guarantee against it in Magna Charta—a guarantee which has been copied into the Constitution probably of every American State, and which is to be found in § 35 of our own Declaration of Rights. This guarantee, so notably won, so carefully retained for so many centuries, and still incorporated in our organic law, that "justice shall be administered without delay," is not a mere rhetorical flourish. It is a constitutional right. The party who seeks delay must show good cause why the other party should be subjected to it, and the burden is on him to show that he himself is without laches. The appellant has shown no cause why the appeal was not docketed here, or a *certiorari* applied for, at the Spring Term, 1891, and none why this motion to reinstate, if there had been ground for it, was not made "during the term" at which the appeal was dismissed.

Motion denied.