STATE v. TELFAIR.

(Filed September 26, 1905).

*Appeal—Dismissal—Docketing—Duty of Appellant.*

1.  A motion to dismiss an appeal will be allowed, where the case was tried in October, 1904, and not docketed until the Fall Term, 1905; the appellant's excuse that the "case on appeal" was not settled by the judge till after it was too late to docket at the Spring Term in time for the call of the district to which it belongs, being of no force.

2.  It is the duty of the appellant to docket the "record proper" in apt time, and upon the call of the district have asked for a writ of *certiorari* to perfect the transcript.

INDICTMENT against Eliza Telfair for resisting an officer, heard by *Judge T. J. Shaw* and a jury, at the October Term, 1904, of the Superior Court of FRANKLIN County.

*Robert D. Gilmer, Attorney-General,* for the State.
*W. M. Person* for the defendant.

*Per Curiam:* This case having been tried in October, 1904, should have been docketed here at last term. The defendant's excuse that the "case on appeal" was not settled by the judge till after it was too late to docket at last term in time for the call of the district to which it belongs, is of no force. It was the duty of the appellant to docket the "record proper" in apt time, and upon the call of the district have asked for a writ of *certiorari* to perfect the transcript. *Pittman v. Kimberly,* 92 N. C., 562; *Porter v. Railroad,* 106 N. C., 478, and numerous other cases cited in *Parker v. Railroad,* 121 N. C., p. 504, where it is said, repeating *Burrell v. Hughes,* 120 N. C., 278, "there are *some* matters settled, and this is one of them." *Norwood v. Pratt,* 124 N. C., 747, and cases cited; *Worth v. Wilmington,* 131 N. C., 533.

The motion of the Attorney-General to dismiss the appeal must be allowed. Rule 16 of this court; *State v. Deyton,* 119 N. C., 880; *Hinton v. Pritchard,* 108 N. C., 412.

Appeal Dismissed.