W. O. HOWARD ET AL. v. JAMES E. SPEIGHT ET AL.

(Filed 15 September, 1920.)

**Appeal and Error—Failure to Docket Appeal—Second Term—Dismissal—Motions—Rules of Court.**

The requirement of Supreme Court Rule 17, that the appellee may docket the certificate and, on motion, have the case dismissed, if not docketed by the appellant in time to be heard at the call of the district at the term of the Supreme Court next ensuing that of the trial, applies only to that term; and where the appellant has docketed his case after that term the case will, on motion, be dismissed at the following term of the Supreme Court (Rules 5 and 16), and the failure of the appellee to have previously moved to dismiss is not a waiver of his right.

APPEAL by defendant from *Devin, J.,* at November Term, 1919, of EDGECOMBE.

Motion to dismiss. This was an action for partition at November Term, 1919, of Edgecombe. By consent, the cause was heard at chambers, 15 December, 1919, and notice of appeal given, bond being fixed at

fifty dollars. The "case on appeal" was settled by the judge 9 January, 1920. The appeal was not docketed here at spring term, nor until 3 August, 1920. At the beginning of the call of the district at this term, the appellee moved to dismiss because not docketed at the spring term as required by Rule 5 of this Court.

W. O. Howard and James Pender for plaintiffs.
F. C. Harding, F. W. Gaylord, and R. W. Winston for defendants.

CLARK, C. J. The motion to dismiss must be allowed, Rules 5 and 16 of this Court, 174 N. C., 828, 831.

The settled practice of this Court under the above rules is thus summarized in Porter v. R. R., 106 N. C., 479:

1. Appeals in causes tried before the commencement of a term of this Court must be docketed (as the rule now stands) "At such term, seven days before entering the call of the docket of the district to which they belong and stand in their order for argument."

2. If not docketed in such time, the appellee may docket the certificate under Rule 17, and have the appeal dismissed.

3. If the appellant does not do this, and the appeal is docketed at such term of this Court, which begins next after trial below, though after the perusal of the district to which it belongs, the appellee cannot move to dismiss, unless he does so before the appeal is docketed. Bryan v. Moring, 99 N. C., 16. But the neglect of the appellee to move to docket and dismiss extends no further, and if the appeal is docketed at a term of this Court after the one at which it is required to be filed, the appeal will be dismissed on motion.

In Porter v. R. R., supra, and in other cases since, the appellant has insisted, as in this case, that as the appellee did not move to docket and dismiss when the district was called at the term of this Court beginning next after the trial below, this was a waiver, and the appellant could docket at this term. This was expressly overruled in Porter v. R. R., supra; Hinton v. Pritchard, 108 N. C., 412, and in four other cases at that term, and in every case since.

In Johnston v. Whitehead, 109 N. C., 209, the Court says, in addition, that if the appellant had lost his appeal without negligence on his part, it was his duty to apply for a certiorari at or before the time the appeal should have been docketed, i. e., at the first term after the trial below, and that not having done so, such application cannot be made at this term; and also that when the appeal was docketed at this term no notice of a motion to dismiss is required, though in this case such notice was given.

Among many cases affirming the above rulings are: Sondley v. Asheville, 110 N. C., 90; S. v. James, 108 N. C., 792; Pipkin v. Green, 112

N. C., 356; *Pittman v. Kimberly,* 92 N. C., 563; *Graham v. Edwards,* 114 N. C., 230; *Paine v. Cureton, ib.,* 607, and a very large number of others, all to the same effect, and none to the contrary. Besides, there have been many cases dismissed under the above authorities without written opinion, as the ruling is so well settled.

As was said in *Burrell v. Hughes,* 120 N. C., 278, "There are *some* matters at least which should be deemed settled, and this is one of them." This Court has repeatedly called attention to the fact that appellees have their rights as well as appellants, and that "a delay of justice" is condemned by Magna Carta equally with a "denial of justice." Shakespeare quotes the "delays of justice" among the greatest "ills that flesh is heir to." The appellant not having spoken when he could have been heard, ought not now to be heard when he should be silent.

If the failure to docket this appeal at spring term here had been due to negligence of counsel, this would not protect the appellant, who at the very least should have applied for a *certiorari,* when the district was called at that term. *Vivian v. Mitchell,* 144 N. C., 473, and numerous cases there cited, and citations to that case in Anno. Ed. *Lindsey v. Knights of Honor,* 172 N. C., 820. In *Barber v. Justice,* 138 N. C., 21, it was held that this vicarious negligence of counsel would not excuse appellant from paying attention to the appeal. *Roberts v. Allman,* 106 N. C., 391.

Dismissed.