### STATE v. DORCAS WARD ET AL.

(Filed 27 September, 1922.)

**Appeal and Error—Rules of Court—Procedure—Statutes—Constitutional Law.**

The rules prescribed by the Supreme Court to regulate its own procedure, including the rule as to dismissing an appeal thereto if not docketed, or a *recordari* prayed for in apt time, will be strictly enforced. Being under the exclusive authority therein given to the Supreme Court by the Constitution, Art. I, sec. 8, as distinguished from procedure applying to courts inferior thereto, Art. IV, sec. 2, a statute in conflict therewith will not be observed.

APPEAL by defendants from *Cranmer, J.,* at January Term, 1922, of PITT.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Julius Brown and Albion Dunn for defendant.*

PER CURIAM. The defendants were convicted at January Term, 1922, of Pitt. The appeal was not docketed here until 9 September, 1922. The record proper was not docketed last term, and no motion of *certiorari* was asked for, and the appeal must be dismissed.

This has been the uniform rule of this Court always, and we have repeatedly called the attention of counsel for appellants to the fact that the procedure in this Court, by the Constitution, is left entirely to this Court, and no act of the Legislature has sought to or could modify the procedure here. *Herndon v. Ins. Co.,* 111 N. C., 384. At last term, in *S. v. Johnson,* 183 N. C., 730, this Court again fully discussed the settled rule, and said: "This Court has never changed its rule, of which it is sole judge, that in every case when the record is not docketed in the time required at the next term, the appellant must docket the record proper and ask for *certiorari.* Whenever this is not done, the case not docketed until the next succeeding term will be dismissed. *S. v. Telfair,* 139 N. C., 555 (2 Anno. Ed.), and cases there cited; *Buggy Co. v. Lamb,*

182 N. C., 762; *Rogers v. Asheville, ibid.,* 596." The Court in that case fully discussed the matter now before us, and we reiterate what was there said.

The Constitution provides, in Art. I, sec. 8, "The legislative, executive, and *supreme judicial powers* of the Government ought to be forever separate and distinct from each other." Art. IV, sec. 2, of the Constitution further provides that the "General Assembly may regulate by law, if necessary, the methods of proceeding in the exercise of their powers of all the courts *below the Supreme Court,* so far as the same may be done without conflict with other provisions of this Constitution."

The above is discussed fully in *Horton v. Green,* 104 N. C., 400, and the Court there points out that while the Legislature may, as above stated in the Constitution, regulate the procedure in the courts below, it cannot interfere with the regulations of this Court as to the procedure here, which includes, of course, the time within which an appeal must be docketed.

This Court has often stressed the fact that there should not be any unnecessary delay in bringing up appeals, and while the Legislature may regulate procedure in the lower courts, provided it does not interfere in bringing up appeals to this Court, it is forbidden by the Constitution, and has never attempted, to interfere with the regulation of procedure in this Court.

It is to be trusted that this matter will receive the attention of the bar, and that we will not be called upon so often to enforce the procedure that we have deemed necessary to prescribe, and that counsel will thus save the time of the Court and consider the interest of their clients.

Appeal dismissed.