ELBERT METCALF v. MAC JR. McGUINN AND WIFE, MARY P. McGUINN; GEORGE DAVID BRADLEY AND WIFE, JANIE S. BRADLEY; GEORGE R. BRADLEY AND WIFE, BERNICE BRADLEY; HOWARD BRADLEY AND WIFE, ALICE M. BRADLEY; JOHN JACKSON AND WIFE, ARGIE MAE JACKSON; AND LEONARD JACKSON AND WIFE, PATRICIA JACKSON

No. 8429SC670

(Filed 19 March 1985)

1. **Boundaries § 8.2— processioning—landowners not adjacent to disputed boundary—not necessary parties**

The court did not err by allowing the petitioner in a processioning action to take a voluntary dismissal of the portion of his petition calling for adjudication of the boundary line beyond the point where respondents' land ended. Necessary and proper parties under G.S. 38-3(a) are those landowners whose land adjoins the disputed boundary; landowners whose land adjoins boundary lines which are not in dispute, but which may connect with or intersect the disputed line, are not necessary parties, but may be joined in the discretion of the trial judge. G.S. 38-1 to -4.

2. **Evidence § 48— apprentice surveyor—qualified as expert**

The trial court did not abuse its discretion in a processioning action by allowing expert testimony from a licensed surveyor who had been an unlicensed apprentice at the time he made the surveys. The lack of a surveyor's license, of itself, did not disqualify the witness as an expert, and testimony that the surveyor under whom the witness had worked was licensed did not prejudice respondents because no surveys by that surveyor were offered in evidence.

3. **Boundaries § 5— processioning—surveyor's testimony—no map—properly excluded**

The trial judge in a processioning action did not err by instructing the jury to disregard the testimony of a surveyor who did not make a map depicting the line he located in relation to landmarks and the line claimed by petitioner. His testimony did not reveal the exact location of the line he surveyed and was not competent to prove the true location of the boundary line.

APPEAL by respondents from *Mills, Judge*. Judgment entered 26 January 1984 in Superior Court, POLK County. Heard in the Court of Appeals 12 February 1985.

This case concerns a boundary line dispute. On 16 June 1980, Elbert Metcalf petitioned to establish the boundary between his property and that owned by respondents. On 3 February 1981 the Polk County Clerk of Court entered an order locating the boundary and requiring a survey. Petitioner appealed to the Polk County Superior Court. Respondents moved to dismiss the petition, first, on grounds that it failed to state facts sufficient to constitute a cause of action and, second, because the petition did not join all necessary parties, *i.e.*, all persons who owned land along the line petitioner wants settled.

Petitioner moved for voluntary dismissal of the portion of the petition calling for adjudication of the boundary line beyond the point where respondents' land ended. The trial court allowed the voluntary dismissal, and declined to grant respondents' motion to dismiss the petition.

At trial, the jury approved the boundary line proposed by petitioner. Respondents appeal.

*Prince, Youngblood & Massagee, by Sharon B. Ellis and Boyd B. Massagee, Jr., for petitioner appellee.*

*Hamrick and Hamrick, by J. Nat Hamrick, for respondent appellants.*

ARNOLD, Judge.

[1] Respondents contend that the trial judge erred in allowing petitioner to take a voluntary dismissal as to part of his petition to establish the true boundary line between his land and that of respondents. Petitioner made the motion for voluntary dismissal prior to trial in Superior Court but after the jury had been impaneled. His motion followed a motion by respondents to dismiss his petition for failure to join necessary parties, other landowners along the disputed line. Petitioner's motion asked for voluntary dismissal as to the portion of the line bounding the northwest corner of his land, which adjoined land owned by persons not joined as respondents in the present suit.

Respondents argue that the processioning statute, G.S. 38-1 to -4, which provides procedures for settling disputes over boundary lines, does not provide for amendment to petitions between the hearing by the clerk of court and trial in Superior Court. Yet, the statute does provide that trial in Superior Court shall be *de novo.* G.S. 38-3(b). This gives the trial court full jurisdiction to try the case as if no action had been instituted below, *In re Hayes,* 261 N.C. 616, 135 S.E. 2d 645 (1964), and therefore to allow amendment of the pleadings as if the suit had been originally brought in Superior Court, *see Sudderth v. McCombs,* 67 N.C. 353 (1872).

Petitioner's voluntary dismissal was properly allowed pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. Nothing in the statute requires that the matter be sent back for rehearing before the clerk of court. The trial judge correctly proceeded on the amended petition.

The petition as amended did not fail to join as respondents any persons owning land along the disputed boundary. In light of the voluntary dismissal, the trial court did not commit error by refusing to grant respondents' motion to dismiss on grounds that all necessary parties were not joined. The pertinent statute provides:

> The owner shall file his petition under oath stating therein facts sufficient to constitute the location of such line as claimed by him and *making defendants all adjoining landowners whose interest may be affected by the location of said line.*

G.S. 38-3(a) (emphasis added).

We take this to mean that all landowners whose land adjoins the *disputed* boundary and whose interest may be affected are necessary and proper parties. Landowners whose land adjoins boundary lines which are not in dispute, but which may connect with or intersect the disputed line, are not necessary parties under the statute, although they may be joined in the discretion of the trial judge. The joinder of all persons who own land on a boundary line that might be affected by location of the disputed line would be an endless process and processioning would become so time-consuming and complex that the legislature's interest in a swift and orderly resolution of boundary disputes would be frustrated.

The trial judge's refusal to allow respondents' motion to dismiss the petition was not error.

The respondents attempt to raise an issue in their argument as to the petitioner's alleged failure to describe the true location of the boundary line. Respondents may not now argue that question as they failed to present it according to Rule 28 of our Rules of Appellate Procedure.

[2] Respondents contend that the trial court should not have allowed Mr. Odum to testify as to surveys he made before he was a licensed surveyor, and to testify that the person he was working under when he made these surveys, Mr. Joe Jack Wells, was a licensed surveyor. Mr. Odum's lack of a surveyor's license, of itself, does not disqualify him as an expert. 1 Brandis, North Carolina Evidence § 133 (1982). Mr. Odum was a surveyor's apprentice at the time he made the surveys, and at the time he testified he was a licensed surveyor. The evidence in the record of Mr. Odum's training indicates that the trial judge did not abuse his discretion in allowing him to testify as an expert.

Mr. Odum's testimony that Mr. Wells is a licensed surveyor came as he was establishing his training and experience: he had worked as an assistant to Mr. Wells. No surveys done by or opinion of Mr. Wells were offered in evidence. The admission of Mr. Odum's testimony that Mr. Wells was licensed did not prejudice respondents.

[3] Respondents contend also that the trial court erred in instructing the jury to disregard the testimony of Mr. Marlowe, a surveyor respondents had hired to survey the disputed line. The trial judge told the jury that he gave them this instruction because Mr. Marlowe did not go on the ground and establish the boundary line.

Our review of the record indicates that Mr. Marlowe first did deed research and then platted out the deed description contained in petitioner's deed. He then went out onto the petitioner's property to survey petitioner's land. He gathered evidence of where the property line might be by doing traverses and noting the location of fence lines, fence corners, iron pins, blazes on trees, and tree stumps or hubs. He then compared the physical evidence of the property line with the deed calls, and then went out on the

land and measured the distances given in the deed with a tape. He used corners and points he had established on his first reconnoiter and distances given in the deed to calculate the azimuths, or horizontal degree measurements. He apparently did not make a map depicting the line he located in relation to landmarks and to the line claimed by the petitioner.

The respondents did not present a map prepared by Mr. Marlowe on the basis of his survey. They did submit the plat he prepared on the basis of his deed research done prior to the survey.

In the pretrial conference, the trial judge stated that Marlowe's testimony did not locate the line on a map or in relation to the lines proposed by petitioner. We agree with the trial judge that Marlowe's testimony did not reveal the exact location of the line he surveyed, and accordingly it could not be used to establish the true boundary line between petitioner and respondents. The evidence was not competent to prove the true location of the boundary line, and the trial judge's instruction that the jury not consider it for that purpose was proper.

The respondents have made a number of other contentions in their brief, none of which are supported by argument or authorities. We deem them abandoned pursuant to Rule 28 of the North Carolina Rules of Appellate Procedure.

No error.

Judges EAGLES and PARKER concur.