## CYNTHIA DUNN v. G. K. BAGBY.

*Landlord and Tenant—No compensation allowed tenant for improvements.*

1. The relation of landlord and tenant being established, the tenant is not entitled to compensation for improvements put upon the land during his occupation, as lessee, where he believed he was entitled to the possession for the lessor's life, when under the contract he was not; nor is the rule modified by the fact that the lessor silently acquiesced in the putting up the improvements.

2. The statute, Bat. Rev., ch. 17, § 262 a, is not applicable to a case like this, and does not protect the tenant from the consequences of his misconstruction of the effect of the contract.

(*Foster* v. *Penry,* 77 N. C., 160; *Parker* v. *Allen,* 84 N. C., 466; *Hahn* v. *Guilford,* 87 N. C., 172; *Merritt* v. *Scott,* 81 N. C., 385, cited and approved).

CIVIL ACTION, tried at January Special Term, 1882, of LENOIR Superior Court, before *Eure, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. Strong & Smedes,* for plaintiff.
*Messrs. Faircloth & Allen,* for defendant.

SMITH, C. J. The plaintiff's action, begun before a justice of the peace under the landlord and tenant act, is to recover possession of land leased to the defendant at the expiration of the term, and on defendant's appeal was removed to the superior court.

The defendant claimed the land under a written contract of the plaintiff (which had been destroyed by fire), the legal effect of which he contended was to create in him a lease for the life of the plaintiff, this being the measure of her own estate, on an annual payment to her of two hundred dollars therefor.

Upon issues, which seem to have been submitted to the jury but are not set out in the record, nor, as the clerk states, on file, they found for the plaintiff, and among others, that the defendant was the plaintiff's tenant, holding possession under a lease from year to year, which had been terminated by a written notice on the last day of the year 1881.

Thereupon the defendant filed his petition, in which he alleges he understood that he acquired the premises under the contract for the full term of the lessor's life, and that, under the interpretation of its terms and in full belief that such was its legal import, he has constructed two barns and several tenant-houses on the premises—has cleared some thirty or forty acres for cultivation—has drained and manured the cleared land—and has made other valuable, substantial and permanent improvements, set out in more detail—all of which were done with the knowledge of the plaintiff and her silent acquiescence, while he regularly paid the annual rent. He asks the court to suspend the execution of the judgment until the increased value imparted to

the land, and the costs of these improvements, can be ascertained, and the sum he is entitled to be reimbursed for his expenditures be declared a lien on the land in favor of the defendant, and to be paid therefrom, under the provisions of the act of 1872. Bat. Rev., ch. 17, § 262 a, *et seq.*

The court denied the motion for a stay of execution, and refused to entertain the application, from which ruling the defendant appeals.

The proper practice, pointed out by RODMAN, J., in cases where a summary remedy before a justice is sought for the recovery of the possession of land withheld by a tenant whose term is expired, is, for the justice to ascertain if the relation of lessor and lessee existed between the parties, and, when the fact is established to his satisfaction, to proceed to hear and determine the controversy, since the latter is estopped to deny the title of the lessor, and it cannot be drawn in question. *Foster* v. *Penry*, 77 N. C., 160. The same course is to be pursued upon the hearing of the cause *de novo* on appeal in the superior court, when the judge must pass upon the question of jurisdiction in determining the preliminary fact of tenancy. *Parker* v. *Allen*, 84 N. C., 466. The existence and termination of the lease were established before the judge holding both courts, and the consequent verdict is thus supported, upon which the judgment rests. *Hahn* v. *Guilford*, 87 N. C., 172.

The injury then is, the relations created by the contract being those of landlord and tenant, and the error into which the defendant has fallen, arising from his misconstruction of its legal operation, can the defendant have compensation for such improvements as he has put upon the land during his occupation, as lessee, for the reason that he believed he was entitled to the possession and use during the plaintiff's life, when under his agreement he was not.

It has been repeatedly held that where, in the absence of a stipulated and fixed rent, compensation is demanded for the value of the use and occupation, or damages for detention, bet-

terments put upon the land in good faith and improving its sub-
stantial value, and not mere ornaments of matters of taste,
may and should go into diminution of the claim for rent or
damages, but cannot attach to the land itself.  *Merritt* v. *Scott*,
81 N. C., 385.  As was said in this case, the statute of 1872
was made and intended to apply to independent and adversary
claims of title, so as to introduce a just and reasonable rule as to
them, for which the common law did not provide.  "The owner
of land, who recovers it, has no just claim to anything but the
land itself and a fair compensation for being kept out of possession;
and if it has been enhanced in value by improvements made
under the belief that he, the occupant, was the owner, this
increased value he, the recovering plaintiff, ought not to take
without some compensation to the other."

But no such antagonism of title exists in the present case, and
the conflicting claims grow out of different interpretations put
upon the same instrument, so that each possesses the same and
all the information possessed by the other, and acts at his own
peril.  Every one is presumed to know the law, and the import
and meaning of all contracts whose terms are fixed, and the
statute does not protect one from the consequences of his miscon-
struction of its effect.  It was not for betterments put on leased
land, erroneously supposed by the lessee to confer upon him a
life term, when the contract is for an intermediate period, which
the lessor may at his pleasure put an end to on giving the neces-
sary notice.  Such a tenant can in no proper sense be said "to
have made permanent improvements" while holding the prem-
ises under a title "believed by him to be good"; for he knows
what title he has, and that it is not good.

The rule is not modified by the fact that the lessor remained
quiet, while the defendant was thus expending his money and
labor, since he, as well as she, had the same knowledge of the
provisions of the agreement, and equal means of ascertaining the
extent of the interest conveyed under it.  It is the misfortune
of the defendant to have taken erroneous advice, or to have

arrived by his own reasoning at an erroneous result, as to the effect of the agreement; but it is an error for which the court can afford him no redress.

We must therefore affirm the judgment below refusing the application, and declare there is no error.

No error.                                           Affirmed.