MARGARET WALKER et al. v. IOLA SCOTT et al.

*Appeal—Case and Exceptions—Statute.*

1. Where the transcript of a record was deposited in the post-office in ample time to have reached the Supreme Court before entering on the call of the calendar of the district to which the case belonged, but by some delay in the mails did not reach its destination until after the time for docketing: *Held*, that the excuse was reasonable, and the appeal would not be dismissed.

2. Appeals, in the legal sense, are not taken until the adjournment of the Court; up to that time the proceedings of the Court are *in fieri*.

3. The statute (Laws 1889, ch. 161) extending the time to perfect appeals applied to appeals then pending, and extended the time of the appellee to file exceptions, as well as the time of the appellant to prepare and serve his case.

104—31

4. Where, therefore, the appellant had served his case after the time within which he might have done so under the statute, as it stood originally, but within the ten days as provided in the Act of 1889, and the appellee had no opportunity to file exceptions: *Held*, that although the appeal was saved by the Act of 1889, nevertheless the appellee was entitled to the statutory period of five days in which to file his counter-case.

APPEAL from Fall Term, 1888, of CHEROKEE Superior Court. See same case, 102 N. C., 487.

*Mr. Theo. F. Davidson*, for the plaintiffs.
*Messrs. E. C. Smith* and *J. W. Cooper*, for the defendants.

CLARK, J.: At last term the appellees moved to dismiss this appeal, and assigned as one of the grounds that it had not been docketed before the call of the district to which it belonged. The appellants obtained leave to show reasonable excuse for such failure. *Walker* v. *Scott*, 102 N. C., 487.

At this term the appellants show, by affidavits, which are uncontradicted, that the transcript of the record on appeal was mailed in ample time to have reached the office of the Clerk of this Court, and have been docketed, before the docket for that district was perused (Rule 5). The delay was caused by some irregularity of the mails. The excuse is reasonable, and the motion to dismiss on that ground is denied. As the appeal was taken several months previous, we do not see, though, why the appellant should not have had the record sent up earlier, and avoided the risk of delay by possible irregularities of the mail. The attention of Clerks of the Superior Courts should be called to section 551 of *The Code*, which requires them to send up a transcript of the record in each case on appeal within twenty days after the case agreed by counsel, or the case settled by the Judge, is filed. This act should be strictly observed.

In the Court below, it was found, at Fall Term, 1889, upon appellant's own testimony, that the case on appeal was

served on November 2, 1888, and that the Court at which the cause was tried adjourned October 27. It was in evidence that the cause was tried on October 24, and it was controverted whether the appeal was entered on that day, or on October 27, the day the Court adjourned. This was immaterial. The appeal, in a legal sense, was not taken till the Court adjourned, for, till then, the proceedings were *in fieri*, and the appeal inchoate. *Turrentine* v. *Railroad*, 92 N. C., 642. The five days in which the case on appeal was to be served on appellees are to be counted, therefore, from October 27, the day on which the Court adjourned. Section 596 of *The Code* provides that, in the computation of time, the first day is to be excluded and the last is to be included, unless the last day be Sunday, when it is excluded. Saturday, October 27, is the *terminus a quo* from which the time is to be counted. Excluding that day, the fifth and last day upon which the service could have been made was Thursday, November 1. Service of the case upon appellees, on November 2, therefore, was too late, as the law then stood.

It is contended, however, that chapter 161, Acts of 1889, ratified 25th of February, 1889, extending the time on which a case on appeal can be served to ten days, cures the defect and restores the rights which appellants had lost by their delay. The power of the Legislature to pass such curative statutes is clear. *Strickland* v. *Draughan*, 91 N. C., 103; *Tatom* v. *White*, 95 N. C., 453

It was seriously questioned whether the concluding words of the Act, "the same shall apply to pending appeals," refer to the *proviso* in the statute (which concerns only appeals *in forma pauperis*), or to the whole statute. Giving it the latter construction, as the appellants insisted, still it certainly could not have been the legislative intent to restore the appellants' rights, which had been lost by their failure to serve their case on appeal within the five days, and cut off the rights of the appellees, who, relying upon the appel-

lants' case not having been served in time, had served no counter-case. Upon a reasonable and just construction of the intendment of the statute, which must be held to apply equally in favor of appellant and appellee, under the peculiar circumstances of this case the appellees are equitably entitled to have their views of the case presented.

The appellees will, therefore, be allowed five days after the certificate of this opinion is filed in the office of the Clerk of the Superior Court of Cherokee County, to file their exceptions, should they desire to do so, to the appellants' case on appeal, *nunc pro tunc,* and if the parties cannot agree upon the statement of the case, it will be settled by his Honor Judge BOYKIN, under the requirements of section 550 of *The Code.* The transcript of the "case on appeal," when agreed upon by the parties, or settled by the Judge, will be certified to this Court, that the case may stand for argument at next term.

*Per curiam,* it is so ordered.