JAMES PAINE et al. v. M. M. CURETON et al.

*Practice—Appeal—Dismissal—Motion to Re-instate.*

1. Where an appeal was dismissed because not docketed before the perusal of the district to which it belongs, as provided in Rule 17, and appellant moved to re-instate on the allegation that he had directed the Clerk to send up the transcript and paid the fees therefor in advance, the motion will be denied, for, although such allegation would have been a sufficient answer to the motion to dismiss if affidavit had been filed to such effect and a *certiorari* applied for, yet it was laches not to interpose such affidavit and show excuse for the failure.

2. Practice in regard to docketing appeals discussed by CLARK, J.

In this case an appeal by defendants was dismissed on motion of plaintiffs and defendants moved to re-instate upon the grounds mentioned in the opinion of the Court.

*Messrs. Justice & Justice,* for plaintiffs.
*Mr. F. I. Osborne,* for petitioners.

CLARK, J.: This appeal, not having been docketed before the close of the call of causes of the district to which it belongs, was dismissed upon certificate filed as provided in Rule 17. At the same Term the appellant moved to re-instate on the allegation that he had directed the Clerk to send up the transcript and had paid the fees therefor in advance, and that there was no laches on his part. This would have been a sufficient answer to the motion by appellee to dismiss, if the appellant had then filed affidavit to that effect and asked for a *certiorari.* It was laches not to do this, and appellant offers no excuse therefor. An appellant cannot simply take an appeal and pay the Clerk's fees for transcript and thereafter leave the appeal to take

care of itself like a log floating down a river or corn put in the hopper of a mill. The appeal requires attention. The rule is that the appeal must be docketed at the first Term of this Court held after the trial below, before the perusal of the district to which it belongs. If this is not done the appellee has the right to docket certificate and dismiss under Rule 17. This the appellee did. There are two exceptions to this rule: First, when counsel having disagreed on the case, the Judge fails to settle the case on appeal in time without default on the part of the appellant; in that case the appellant must docket the transcript of the record proper and when the district is reached ask for a *certiorari* for the case on appeal. *State* v. *Freeman*, at this Term, and cases cited. Second, if no part of the record at all is sent up and it appears that the appellant has paid the Clerk's fees and directed the transcript sent up, and there is otherwise no default on the part of the appellant, he is entitled to a *certiorari* if asked for during the call of the district. This the appellant did not do, and shows no excuse for his failure to do so. It is true that if appellee does not on the call of the district move to docket and dismiss the appellant may afterwards, during such first Term of this Court after the trial below (but not later), docket the appeal. *Triplett* v. *Foster*, 113 N. C., 389. The rules of practice as to appeals are summarized in *Porter* v. *Railroad*, 106 N. C., 478.

We may say in passing that the petitioner shows no merits in the case itself. The action was begun by a landlord against his tenant for summary ejectment. The defendant admitted the tenancy, but pleaded that she was the true owner and by mistake was unaware of the fact at the time of entering upon the premises under the lease, and attempted to oust the jurisdiction of the Justice of the Peace on the ground that title to land came in controversy. This was

properly held against her. *Foster* v. *Penry*, 77 N. C., 160; *Parker* v. *Allen*, 84 N. C., 466; *Hahn* v. *Guilford*, 87 N. C., 172; *Dunn* v. *Bagby*, 88 N. C., 91. This was the only point raised below.      Motion to Re-instate Denied.