P. D. B. ARRINGTON v. J. P. ARRINGTON et als.

*Practice—Notice of Appeal—Time of Service.*

1. Where appellant's counsel, five days after the adjournment of Court, mailed by registered letter notice of appeal, statement of case, and copies and fees to the Sheriff of the county at the county-seat, so as to leave ample time for service on appellee's counsel, who resided at that place, the failure of the Sheriff to take the notice, etc., from the post-office until after the ten days allowed for service cannot be imputed to the appellant as his laches.

2. In such case, where the facts are not disputed, the case will be remanded and the appellee will be allowed five days after the certificate of this Court is filed in the Court below to file exceptions to the appellant's case on appeal *nunc pro tunc*, and in default of an agreement the Judge who tried the cause will settle the case.

MOTION to dismiss the appeal of the defendant Nancy Bunn from a judgment rendered in an action tried before *Shuford, J.*, at Fall Term, 1893, of VANCE Superior Court.

Messrs. *Battle & Mordecai*, for appellant.
Mr. *R. B. Peebles*, contra.

CLARK, J.: The judgment was rendered at a term of Court which adjourned June 3, 1893. On June 8, 1893, counsel for appellant, Nancy Bunn, caused notice of appeal to be entered, and mailed from Rocky Mount, by registered letter, notice of appeal and statement of case on appeal,

8

with copies and fees for service, to the Sheriff of Northampton county, at Jackson, the county-seat. The appellees' counsel resided in that town and there was ample time to have served the papers before the expiration of the ten days, "which, excluding the first day and including the last" (*The Code*, §596), would have expired 13th June at midnight. The ten days is to be computed not from the day judgment was rendered, but from June 3, the day on which Court actually adjourned. *Turrentine* v. *Railroad*, 92 N. C., 642; *Walker* v. *Scott*, 104 N. C., 481; *Chamblee* v. *Baker*, 95 N. C., 98; *Worthy* v. *Brady*, 91 N. C., 265. The appellant was guilty of no laches. The letter was properly addressed to the Sheriff at the county-seat. *Yeargin* v. *Wood*, 84 N. C., 326. It was not the neglect of appellant that the Sheriff to whom the letter was addressed did not take it out of the office till June 17th.

If the facts were controverted the case might be remanded to the Judge below to find the facts, but being undenied it is clear that no laches is imputable to appellant. The case is remanded to the Superior Court of Vance County. Following the precedent in *Walker* v. *Scott*, 104 N. C., 481, the appellees will be allowed five days after the certificate of this opinion is filed in the office of the Clerk of the Superior Court of said county, to file their exceptions, should they desire to do so, to the appellant's case on appeal *nunc pro tunc*, and if the parties cannot agree upon a statement of the case it will be settled by his Honor who tried the case (Judge Shuford), under the requirements of *The Code*, §550.                    Remanded.