### J. F. HAYNES v. NATHAN COWARD.

*Appeal — Certiorari — Time of Application for— Negligence.*

Where the transcript is not filed at the first term after the trial below, as required by Rule 5, on the failure of the appellant to apply at such term, as required by Rule 41, for a *certiorari* to procure it, he is not entitled to such writ at a subsequent term. In such case, the failure to apply for a *certiorari* is not atoned for by the alleged negligence of the clerk below·

This was a PETITION for a *certiorari* to have transcript sent up from the Superior Court of JACKSON County, at the Spring Term, 1893, of which the case was tried. The petitioner Coward appealed from the judgment below, but

failed to have the transcript docketed in this Court at the term next ensuing the term of the Court at which the case was tried. Plaintiff had a transcript of part of the record docketed and appeal dismissed. At this term the defendant applied for a *certiorari* alleging as an excuse for his delays the negligence and delay of the Clerk of Jackson Superior Court to make out the transcript.

The petition was refused.

*Mr. J. F. Ray*, for petitioner.
*Mr. J. H. Merrimon*, *contra*.

CLARK, J.: If there is delay in sending up the transcript on appeal in time to be docketed for hearing during the call of the distrtct to which it belongs at the first term of this Court beginning after the trial below as required by Rule 5 (115 N. C., 835) and such delay is caused by the neglect of the clerk or judge, all the authorities are to the effect that the appellant, if without laches himself, is entitled to a *certiorari* to bring up the transcript or the omitted part of it, as the case may be. But the writ must be applied for regularly, at such term (Rule 41) and before the appeal is dismissed. The appellant's failure to do this is negligence which is not atoned for by the previous neglect of the clerk or judge which had otherwise entitled the appellant to a *certiorari*. *Paine* v. *Cureton*, 114 N. C., 606. This is very plain and has been repeatedly stated and reasons pointed out therefor. Among the very numerous cases it is sufficient to cite *Pittman* v. *Kimberly*, 92 N. C., 562; *Porter* v. *Railroad*, 106 N. C., 478; *Triplett* v. *Foster*, 113 N. C., 389; *Graham* v. *Edwards*, 114 N. C., 228.

If the transcript is not sent up, the appellant, with very little trouble can ascertain that fact below in time either to get it sent up or to apply, when the district is called, for a

HAYNES *v.* COWARD.

*certiorari.* Or if, for any reason, he can not learn this below, the counsel who represents him here will see that the transcript or some essential part of it has not arrived and should apply for a *certiorari* when the district is reached or before. If the appellant has no counsel in this Court he cannot be put in a 'better condition than an appellant who has paid enough attention to his appeal to have counsel here to argue it. If he have no counsel to look after the case here, he should at least ascertain below whether the transcript has been properly made out and forwarded here. *The Code* discountenances mere technicalities, but it exacts proper diligence and a business-like attention to matters in court. The presumption is in favor of the correctness of the judgment below, and a party seeking to reverse it, must do so without delaying the argument here and a decision beyond the regular time prescribed as above. Granting, as alleged by appellant, that the failure to send up the transcript to the Spring Term, 1894, of this Court, was due to the negligence of the clerk and was without any fault on the part of the appellant, still his failure to apply at such term for a *certiorari* waived his right to ask it at the next term. Furthermore, a motion to reinstate was made at Fall Term, 1894, and when reached in regular order was denied. It is true that the defendant did not take care to be represented when the motion came up. That does not make his position any better. There has been no notice served since of another motion to reinstate, and if it had been the matter is *res adjudicata.* This case is almost identical with *Dunn* v. *Underwood* and *Causey* v. *Snow*, at this term.

Motion Denied.