O. H. CAUSEY v. W. H. SNOW.

*Practice—Appeal—Certiorari—Laches.*

Where an appellant neglected to docket his appeal or apply for a *certiorari* at the next term of this Court after the cause was determined in the court below, the writ will not be granted.

Petition of defendant for writ of *certiorari*.

*Mr. F. H. Busbee*, for petitioner.
*Mr. L. M. Scott*, contra.

CLARK, J.: This cause having been determined below at February Term, 1894, should have been docketed here before the completion of the call of the docket of the district to which it belonged at Fall Term, 1894. Rule 5 of this Court. If for any good reason it was not so docketed the appellant should at that time have applied for a *certiorari* (Rule 41), otherwise the appellant might have docketed a certificate and had the appeal dismissed. Rule 17. Though as the appellee did not do this, the appellant could have docketed the appeal at any time during said Fall

116—32

Term.   All this was summarized in *Porter* v. *R. R. Co.*, 106 N. C., 478, and has been repeatedly affirmed since.   *Hinton* v. *Pritchard*, 108 N. C., 412 ; *Graham* v. *Edwards*, 114 N. C., 228 ; *Paine* v. *Cureton*, *Ibid*, 606.   Not having done this, it is too late to docket or ask for a *certiorari* at this term.   *State* v. *Freeman*, 114 N. C., 872, and cases there cited.   Besides at the term of the court held below after the expiration of the Fall Term of this Court, the appellant, on proper notice, procured a judgment of the court below that the appeal had been abandoned.   This he had a right to do.   *Avery* v. *Pritchard*, 93 N. C., 266 ; *Porter* v. *R. Co.*, *supra.*

This is not like the case of *Arrington* v.-*Arrington*, 114 N. C., 113 and 115.   There the papers were sent to the officer in time and the failure to serve in due time was by no neglect of the appellant.   Nor is it like the case of *Walker* v. *Scott*, 104 N. C., 481, in which the transcript failed to reach here in time by reason of the delay in the mails.   But here the appellant had ample opportunity to learn whether the transcript had been sent up.   He made no inquiry and offered no fees.   When he learned on the call of the district that it had not been sent up even then he took no steps. Appellees have rights which would be seriously infringed by permitting such negligence to procure further delay for the appellant.

Certiorari Denied.