WILLIAM SMITH v. B. F. MONTAGUE.

*Practice—Appeal—Docketing Appeal—Motion to Dismiss—Printing of Record.*

1. Although, under Rule 17, the appellee may move to dismiss an appeal for appellant's failure to docket the same within the first two days of the call of the docket as required by Rule 5, yet such motion is too late if not made promptly and before the appellant actually dockets the appeal within the week but after the second day of the call.

2. The rule requiring the record on appeal to be printed is complied with if the printing has been done when the case is called for argument.

MOTION of appellee to dismiss an appeal in an action tried before *Adams, J.*, at April Term, 1897, of WAKE Superior Court.

*Mr. M. A. Bledsoe*, for plaintiff (appellant).
*Messrs. Jones & Boykin*, for defendant.

CLARK, J.: Under Rule 5, as amended (119 N. C., 930) an appeal must be docketed "during the first two days of the call of the docket of the district to which it belongs" at the first term of this court which begins after the trial below. "During the first two days of the call" means on Tuesday or Wednesday of that week, as by Rules 7 and 61 (119 N. C.,

931 and 954) the call of any District begins on Tuesday. By Rule 17 (119 N. C., 935,) if the appeal is not docketed during said two days (Tuesday and Wednesday) the appellee may docket the certificate prescribed in that Rule and·have the appeal dismissed.

In the present case, the appeal was not docketed during Tuesday or Wednesday of the week appropriated to the district to which it belonged. On Friday, the appellee moved to dismiss, though without filing the certificate required by the Rule, the absence of which would necessarily have caused his motion to be denied.

But there is another objection to granting his motion. While the appellee was delaying to make the motion, the appellant on Thursday filed his transcript of the record. Though this was after the time limited, it having been done before the motion to dismiss was made rendered the motion nugatory. This has been expressly decided heretofore in *Triplett* v. *Foster*, 113 N. C., 389, and cases there cited. The only change in the Rule is that appeals must be docketed in the first two days of the call of the District, instead of allowing as formerly the whole week in which to docket appeals —a change which was made that counsel should not be detained here the whole week, lest the opposite party might docket an appeal towards the end of the week, but which does not affect the decision in that case, which is that, if the appellee does not move to dismiss as early as he may, and in the meantime the appellant shall docket his appeal before the motion to dismiss, though after the time allowed for docketing, the appeal will not be dismissed.

If the appellee has a right to take advantage of the appellant's want of diligence in docketing his appeal within the first two days of the call of the docket as required, the appellant can avail himself of the appellee's dilatoriness in not moving to dismiss till after the appellant has cured his

negligence by actually docketing the appeal. *Triplett* v. *Foster, supra,* has been cited and approved in *Paine* v. *Chreton,* 114 N. C., 606; *Haynes* v. *Coward,* 116 N. C., 840 and *Speller* v. *Speller,* 119 N. C., 356.

The appellee also moves to dismiss because the judgment has not been printed. This would be good ground for dismissal if the cause had been reached for argument. Rule 28 (119 N. C., 940); *Thurber* v. *Loan Asso.,* 118 N. C., 129. In *Witt* v. *Long,* 93 N. C., 388, it is said that while it is better and more convenient to have the record printed as soon as the appeal is docketed in this court, yet the rule is complied with if the record has been printed when the cause is called for argument, and this was reaffirmed in *Walker* v. *Scott,* 102 N. C., 487.

Motion denied.