ARMOUR PACKING COMPANY v. G. W. WILLIAMS et al.

(Decided May 24, 1898).

*Appeal — Docketing Appeal — Dismissal — Printing Record on Appeal — Practice.*

1. Unless appellant dockets his appeal by the beginning of the call of the calendar for the district to which his case belongs, the appellee can move to docket and dismiss; if such motion, however, is not made until after the appellant actually dockets his appeal, at any time during the term, the motion is too late, the appellee's lack of diligence serving to cure the appellant's previous laches.

2. As an appeal docketed after the time required does not stand for argument until the next ensuing term, it is sufficient if the transcript is printed when the case is reached for argument.

CIVIL ACTION tried before *Adams, J.*, at January Term, 1898, of NEW HANOVER Superior Court. From a judgment for the defendant the plaintiff appealed. The appeal was not docketed at 10 o'clock a. m. on Tuesday when the call of the calendar of cases from the Sixth district began, but was docketed at 10:35 a. m. on that day. The appellee thereupon moved to dismiss under

Rule 17 for appellant's failure to docket before the Court began the call of the causes of the district.

*Mr. T. W. Strange* for defendant (appellee).
No counsel *contra.*

*Per Curiam :*   The appeal was docketed at 10:35 a. m. on Tuesday of the week to which it belongs.   Under the present Rule 5 (121 N. C., 694), the appellee might have moved to docket and dismiss under Rule 17 at the opening of court on Tuesday, or at any time afterwards during the term, if before the appellant dockets the appeal, but as he did not make that motion till after the appellant had already docketed the appeal, his own lack of diligence cures the appellant's previous laches.   *Smith* v. *Montague,* 121 N. C., 92; *Triplett* v. *Foster,* 113 N. C., 389.   The only difference in the present rule and that under which those cases were decided is that now, appeals being required to be docketed at the opening of the court on Tuesday of the week of the district to which an appeal belongs, the appellee can move earlier to docket and dismiss, but the principle is the same that, if he does not make that motion till after the appellant actually dockets his appeal, the motion to dismiss is too late.   The appeal having been docketed after the time required (10 a. m. on Tuesday) does not stand for argument at this term, and the motion to dismiss for failure to print must also be denied.   It will be sufficient if the transcript is printed when the case is reached for argument.   *Smith* v. *Montague, supra.*

Motion denied.