JAMES NORWOOD, Administrator, v. HANES PRATT, et al.

(Decided May 9, 1899).

*Certiorari—Rule 6th, 121 N. C., 694.*

Ordinarily, at the first Term of this Court after the trial below, it is the duty of the appellant to have filed here the transcript on appeal. If at that time, the case has not been settled by the Judge, and the appellant has not been guilty of *laches* he would be entitled to a writ of *certiorari* therefor, upon his filing all of the transcript that was available.

MOTION for a writ of *certiorari,* to be directed to the Superior Court of ORANGE County. Motion denied.

The facts are stated in the opinion.

*Mr. C. D. Turner,* for appellant.
*Messrs. John W. Graham* and *P .C. Graham, contra.*

MONTGOMERY, J., delivers the opinion of the Court.

CLARK, J., delivers concurring opinion.

MONTGOMERY, J. At November Term, 1898, of Orange Superior Court this case was heard upon exceptions filed to a referee's report. All of the exceptions made by the defend-

ants were overruled and the report of the referee was confirmed. The defendants excepted, *seriatim,* to the overruling of each exception. By agreement between the counsel of both sides the judgment was signed out of term, and it was filed in the office of the Clerk on the 29th of November, 1898, and notice thereof promptly given to the counsel of the defendants.

Ordinarily at the first term of this Court after the trial below it is the duty of the 'appellant to have filed here the transcript on appeal. Rule 5, 121 N. C., 694. If at that time the case on appeal has not been settled by the Judge and the appellant has not been guilty of any *laches,* he would be entitled to a writ of *certiorari* therefor, upon his filing "all of the transcript that was available."

The district from which this case comes was reached on the 7th day of March, 1899, and at that time the appellants had filed here only a copy of the judgment and the docket entries in the case. The Judge had not settled the case on appeal. The certificate attached showed the matter to be a "partial transcript of the record, sent at the request of the defendant's counsel." The appellants did not attempt to account for the balance of the record proper (although it appears that it had been for weeks in the Clerk's office), and made a motion for *certiorari* to procure the case on appeal.

In *Burrell v. Hughes,* 120 N. C., 277, it was said: "In any event since the appeal should be docketed here at the first term beginning after the trial below, it was the duty of the appellant at such first term to file all of the transcript that was available, and have asked for a *certiorari* to complete the transcript. His failure to do so is a lack of diligence and forfeits his appeal."

The allegation of the appellants is that the rest of the transcript was not furnished because the Clerk would not

make it out, notwithstanding the fact that their counsel tendered to him the fees necessary for that purpose. The Clerk's affidavit was to the contrary. We need not, however, pass upon that contradiction. The appellants were not before this Court according to its rules, and, before they could get a standing here, it was incumbent on them to show, to our satisfaction, that they had not been guilty of laches. We can not say that that has been shown, affirmatively, and we must therefore deny the motion for a *certiorari*, and dismiss the appeal.

CLARK, J., concurring. The settled practice upon such applications as this is thus stated in *Burwell v. Hughes,* 120 N. C., 277 (which was an appeal from the same County and in which the same counsel represented the appellant): "It was the duty of the appellant at such first term to file all the transcript that was available, and have asked for a *certiorari* to complete the transcript. His failure to do so is a lack of diligence and forfeits his appeal. *Brown v. House,* 119 N. C., 1622; *Haynes v. Coward,* 116 N. C., 840; *Graham v. Edwards,* 114 N. C., 228; *Sanders v. Thompson, Ibid,* 282; *State v. James,* 108 N. C., 792; *Collins v. Faribault,* 92 N. C., 310, and there are still other cases. There are *some* matters at least which should be deemed settled, and this is one of them." This has since been cited and followed in *Morrison v. Craven,* 120 N. C., 327; *Critz v. Sparger,* 121 N. C., 283; *Rothchild v. McNichol, Ibid,* 284; *Parker v. Railroad, Ibid,* 501 ;*McMillan v. McMillan,* 122 N. C., 410; and in other cases disposed of *per curiam,* because reiteration was unnecessary, among them the case last called immediately preceding this on the docket—*Trollinger v. Railroad.*

It has been contended that if the *certiorari* were granted no harm would be done. In the first place the case would go

over to the Fall Term, and delay of justice is often a denial of justice, and is one of the evils held so great that a provision against it was inserted in Magna Charter. Besides, there must of necessity be rules of procedure or the administration of justice would be "confusion worse confounded." It is not material whether an appeal should be docketed "at the first term beginning after the trial below," as our rule requires, or at the second term, or at the third term, but whatever the rule, it should apply to all. It is not material whether, on an application for a *certiorari,* the applicant must docket as a basis "a transcript of all the record that is available" (as our uniform decisions require), or only a copy of the judgment, or nothing, but whatever the requirement, it must be impartially applied to all. An exemption of any litigant would be favoritism or at the least the uncertain "rule of the Chancellor's thumb"—varying in thickness.

As far as possible, the courts should give their time to the decision of disputed rights and eliminate as far as they can all mere questions of practice, as to the proper manner of presenting cases in Courts. This renders it of the gravest importance to have the practice settled and to adhere to it impartially, letting all needed changes be made by statute or by changing the rules of Court so as to be prospective. If this is not done, and the well settled practice is not adhered to the Court would be deluged with questions of mere procedure "to the neglect of the weightier matters of the law."