BENEDICT v. JONES.

(Filed December 9, 1902.)

APPEAL—*Dismissal*—*Docketing*—*Transcript*—*Rules of Supreme Court*—*Rules 5 and 17.*

> Where an appellant fails to docket a case on appeal seven days before the call of the district to which it belongs, the appeal will not be dismissed if the appellee fails to move to dismiss at the first opportunity; but the appellant may docket the case at any other time during the term if done before the appellee moves to dismiss.

ACTION by M. E. Benedict against H. C. Jones and others, heard at May Term, 1902, of the Superior Court of BUN-COMBE County.

Plaintiff, appellee, moves to dismiss the appeal for that it appears from the record that the case was tried and final judgment entered at May Term, 1902, of the Superior Court of Buncombe County, and that the counter case on appeal was served on defendant appellants' counsel July 31, 1902; and that independent of such date, the appellee says it was the duty of appellant's counsel to file the transcript in time for the appeal to be heard at the present term of the Supreme Court, but that the transcript was not filed till November 26, 1902, too late under the rule for the appeal to be determined at this term; and asks that the appeal be dismissed. From judgment for the plaintiff, the defendants appealed.

*F. H. Busbee,* for the plaintiff.
No counsel for the defendants.

CLARK, J. The case was tried below in May, 1902, and the transcript was docketed here 26 November, 1902, which was too late to permit of the appeal being argued at this term,

it being within less than seven days before the call of the district to which it belongs. Rule 5, 128 N. C., 634. After it was docketed, the appellee moved to dismiss. This was too late. *Rollins v. Love,* 97 N. C., 210; *Barbee v. Green,* 91 N. C., 158.

The uniform ruling of this Court has been in accord with the above decisions, and may be thus summed up: An appeal must be docketed not later than the termination of the next term of this Court beginning after the trial below (with the exceptions specified in the *proviso* to Rule 5, 128 N. C., 634). If not docketed at such term by the time required for hearing, at such term, the appellee may docket a certificate, under Rule 17, then or at any time during the term, if before the appellant dockets the transcript, and have the appeal dismissed. But if the appellee is dilatory, and the appellant dockets the transcript at that term, before the appellee moves to dismiss, though too late to secure a hearing, then the appeal will not be dismissed. *Packing Co. v. Williams,* 122 N. C., 406; *Smith v. Montague,* 121 N. C., 92; *Speller v. Speller,* 119 N. C., 356; *Haynes v. Coward,* 116 N. C., 840; *Paine v. Cureton,* 114 N. C., 606; *Triplett v. Foster,* 113 N. C., 389.

There have been changes, as will be seen by the above cases, as to the time during such next term by which an appeal must be docketed to secure a hearing at that term. Originally, it must have been docketed "during the call of the docket of the district to which the appeal belongs," and, of course, the first time at which the appellee could have moved then to dismiss for failure to docket, was at the end of the call of the district. Then the time was moved up so as to require docketing "during the first two days of the call of the district"; later, the time for docketing to secure a hearing was "before the beginning of the call of the district," and now it must be docketed "seven days before the beginning of

BENEDICT *v.* JONES.

the call of the district," and, of course, the right of the appellee to docket and move to dismiss has moved up accordingly, and has accrued upon default to docket by the time required in order to secure a hearing. But this has not affected, of course, the principle that if the appellee fails to move to dismiss at the first opportunity, under Rule 17, 128 N. C., 638, the appellant can docket the case at any other time during that term, provided he does so before the appellee has moved to dismiss under said rule. Of course, if the appeal is not docketed till after the termination of such next ensuing term, it will be dismissed. *Burrell v. Hughes,* 120 N. C., 277; *State v. James,* 108 N. C., 792. The laches of the appellee in not moving to dismiss under Rule 17 as soon as he might, will not authorize the appellant to docket after that term.

The transcript on appeal seems to be defective, in that it does not set out the organization of the Court, and possibly in other particulars. *State v. Butts,* 91 N. C., 524, and other cases cited in Clark's Code (3d Ed.), page 915. But this may be cured if a writ of *certiorari* is asked in proper time and allowed, or a motion to dismiss may be made on those grounds when the case is reached at the next term. The cause is not before us upon such motions now. The transcript on appeal having been docketed at the proper term, though too late for argument, yet before the appellee moved to dismiss, as authorized by Rule 17, the motion to dismiss must be denied.

Motion Denied.