## WORTH v. WILMINGTON.

(Filed December 16, 1902.)

1. APPEAL—*Rules of Court—Rules 5, 17—Dismissal.*

    A motion by the appellee to docket and dismiss, made before the docketing of the transcript, though not at the first opportunity, will be allowed.

2. APPEAL—*Dismissal—Rules of Court—Rules 5, 17—Transcript.*

    Where the trial judge fails to settle a case on appeal, so that the transcript may be docketed seven days before the call of the district, the appellant must docket so much of the record as he can obtain, or if none is obtainable, make affidavit of that fact and move for *certiorari.*

ACTION by W. E. Worth against the City of Wilmington. Action by the plaintiff to reinstate this case.

*Meares & Ruark,* for the plaintiff.
*E. K. Bryan,* for the defendant.

CLARK, J. The appellant failed to docket his transcript on appeal seven days before the beginning of the call of the docket of the district to which it belongs. Rule 5, 128 N. C., 634. The appellee might have then moved to docket and dismiss. Rule 17, 128 N. C., 638. The appellee did not move to dismiss at this his earliest opportunity, but he subsequently made the motion before the appellant docketed, and the appeal was dismissed. The appellant now moves to reinstate:

1. Because the appellee did not move to dismiss at the first opportunity. But he could so move at any subsequent time, provided it is done before the appellant dockets his appeal, just as the appellant can docket at any time during that term subsequent to the required time, provided he does so before the appellee moves to docket and dismiss under Rule 17. *Benedict v. Jones,* at this term, and cases there cited.

2. The appellant moves to reinstate because, as he alleges, the Judge had not settled the "case on appeal" in time to permit the same to be sent up and filed seven days before beginning the call of the docket of the district to which the appeal belongs. But, in such case, it was the duty of the appellant to docket the rest of the record, or all that he could obtain (or, if none obtainable, with affidavit of that fact), and move for a writ of *certiorari.* This has been uniformly held, and numerous cases are cited in *Burrell v. Hughes,* 120 N. C., 277, upon which the Court said: "There are *some* matters at least which should be deemed settled, and this is one of them," and several cases since are cited in *Norwood v. Pratt,* 124 N. C., 745. Since which last case, the Court has followed the rule therein settled without deeming it necessary to add any opinions to those already published and reiterated so often. The motion to reinstate is denied.

Motion Denied.