MARY WALSH ET AL. v. ZEB. BURLESON ET AL.

(Filed 14 December, 1910.)

1. **Appeal and Error—Original Transcript—Filing—Requisites.**

A motion for *certiorari* based upon allegation that the judge had not settled the case on appeal, without laches on the part of appellant, will not ordinarily be granted when the appellant has not caused to be docketed the transcript of the record proper as the foundation for the motion.

2. **Same—Excusable Neglect—Clerk's Fees—Undertaking—Settled by Judge.**

The right to appeal is not an absolute right, for the appellant must comply with the conditions prescribed for its prosecution; and when he seeks to excuse his laches in not having the original transcript filed "by reason of lost papers, or for any other good cause," alleging that the judge had the papers and had not duly settled the case, and it appears by affidavit of the clerk and judge and others that the papers had been permitted to remain in the clerk's office without payment to him of his fees or filing an appeal bond, the appeal will be dismissed.

APPEAL by defendants from *Pell, J.,* at the April Term, 1910, of MITCHELL.

On motion of defendants to recall writ of *certiorari* and to dismiss the appeal.

*A. C. Avery* for plaintiffs.

*S. J. Ervin, W. C. Newland, and M. L. Wilson* for defendants.

PER CURIAM.  This action was tried at July Term, 1910, of Mitchell.  When the district to ᵦwhich it belongs was reached at this term, the appellant moved for a *certiorari* because the case on appeal had not been settled by the judge without any laches on the part of the appellant.

The uniform holding of this Court has been that a *certiorari* will not be granted in such case unless the appellant has docketed the transcript of the record proper as the foundation of the motion.  *S. v. Freeman,* 114 N. C., 872; *Haynes v. Coward,* 116 N. C., 840; *Brown v. House,* 119 N. C., 622; *Shober v. Wheeler, ib.,* 471; *Guano Co. v. Hicks,* 120 N. C., 29; *Burrell v. Hughes,* 120 N. C., 277; *Norwood v. Pratt,* 124 N. C., 745; *Worth v. Wilmington,* 131 N. C., 532; *S. v. Telfair,* 139 N. C., 555; *Slocumb v. Construction Co.,* 142 N. C., 350; *Pittman v. Kimberly,* 92 N. C., 562, and numerous other cases.  In *Burrell v. Hughes,* 120 N. C., 279, the Court said: "There are *some* matters at least which should be deemed settled, and this is one of them."  That case cites many others, and has often been cited and approved since.

The only exception to the requirement that a transcript of the record proper must be docketed, as a basis for a *certiorari,* is that when "By reason of the loss of papers, or for any other good cause, the transcript of no part of the record can be docketed at the first term of the Supreme Court following the trial below, that fact should appear by affidavit and a *certiorari* asked for, supplemented by a motion below to supply the papers."  *Parker v. R. R.,* 121 N. C., 501, and numerous cases there cited; *Norwood v. Pratt,* 124 N. C., 747.  The mover for the *certiorari* in this case filed an affidavit "on information and belief," the case being from another county, as an excuse for failure to procure the record proper, that the papers in the cause had been in the hands of the judge, and hence a transcript thereof could not be had from the clerk.  Upon the issuance of the *certiorari,* the appellee's counsel promptly moved to recall the writ, setting forth that no notice had been issued to him that the *certiorari* would be asked for; that he had notified appellant's counsel that if such motion were made he would oppose it because no transcript of the record proper had been

certified to this Court, and, further, that the papers in the cause had remained in the clerk's office all the time, and were still there, and that no appeal bond had been executed. The clerk of the court returned to the *certiorari* that all the records in the case had remained in his office ever since the trial, that no fees had ever been paid him for a transcript of the record, nor had any request been made by appellant that he should certify the record proper to the Supreme Court, nor has any appeal bond been given or filed in his office. The judge himself certifies that the papers in the cause had never been in his hands and that he had not settled the case on appeal, but had been forced to delay settlement by reason of not having received said papers. It appears from this that the appellant is without any excuse for not having filed a transcript of the record proper in this Court; that he did not give the appeal bond, and that the delay in settling the case was owing to his not having sent the papers to the judge.

Under these circumstances, the motion of the appellee to dismiss the appeal must be granted. It can make no difference that the case on appeal may have since been settled by the judge. The right to appeal is not an absolute right, but the appellant must comply with conditions, upon which an appeal can be prosecuted. Appellees have rights which must be respected. To permit the case to be docketed now would delay the appellant six months in the argument of his case. A delay of justice may be, and often is, a denial of justice. The appellant did not docket the record in time, and the motion of the appellee to dismiss must be allowed.

Appeal dismissed.