This is a motion to dismiss the appeal or to affirm the judgment below in favor of the plaintiff, because the defendant did not prepare and serve its case on appeal in time. It appears that, by consent of the appellee, the plaintiff, it was allowed thirty days after the adjournment of the court on 26 February, 1911, to serve the case on appeal, but it was not served within the extended period. An unfortunate dispute between counsel as to an alleged further extension of time, by agreement between defendant's and one of appellee's (plaintiff's) counsel, has brought into this Court a disagreeable controversy, which, we have said more than once before, we would not undertake to decide. It would impose upon us an exceedingly unpleasant and delicate duty to perform if we should consent to hear and pass upon such disputes, and, therefore, this Court not only decided that it would not consider such controverted questions between counsel, but we have actually adopted Rule 39, which is as follows: "The Court will not recognize any agreement of counsel in any case, unless the same shall appear in the record, or a writing filed in the cause in this Court." This should have sufficiently warned members of the bar that if they consent to waive the directions of the statute, or of the Rules regarding the service of cases or the extension of time, the agreement must be evidenced by a writing; otherwise, if disputed, the party seeking to take benefit under it will not be heard by us. It is always better to reduce such agreements to writing, in order to prevent these unpleasant controversies, and this case but strikingly illustrates the wisdom and practical utility of the rule. The subject is fully reviewed by the present Chief Justice in Grahamv. Edwards, 114 N.C. 229, and we reproduce here what was so aptly said by him in that case: "The alleged agreement (for an extension of time to docket case in this Court) was not in writing and is denied by appellee's counsel. It cannot, therefore, be considered. Rule 39 of this Court, and numerous cases cited in Clark's Code (2 Ed.), 704. This Court is for the correction of errors of law committed in the trial of causes below. We cannot be called upon to settle disputed matters of fact arising upon oral agreements of counsel. Hemphillv. Morrison, 112 N.C. 756. The duty of passing upon the (32) *Page 26 
correctness of memory of counsel as to such agreements when there is a difference, is a delicate one. It is not contemplated by the statute that we should be called upon to discharge such function, and we have no right or disposition to assume it. We again repeat, as was lately said in Sondleyv. Asheville, 112 N.C. 694: `It is to be hoped that hereafter counsel will in every instance put their agreements in writing or have them entered of record, when for any reason they may think best to depart from the plain provisions of the statute. If they do not care to do this, the courts will not pass upon the controversies as to the terms or existence of such agreements.' Our brethren of the bar owe it to themselves and to the Court to avoid bringing such controversies hereafter before the courts. Their experience as lawyers must impress upon them the treachery of memory among the very best of men. If not disposed to guard against differences of recollection by the easy mode of reducing agreements to writing, or having them entered on the minutes, the courts have no process to gauge the accuracy of their respective recollections."
In this case there is not the least ground for the disparagement of counsel, as nothing has been done which is not entirely consistent with the strictest integrity and a proper professional courtesy. Counsel simply have disagreed in their understanding of the facts, and that is all, and to avoid such unpleasant occurrences, the rule was adopted, and must be observed, as stated by the Chief Justice in the case just cited. We are unable to say that either of the counsel is infallible, and, therefore, that the statement of the one should give way to that of the other. They are equally honorable and truthful, and there is nothing to show that the memory of either one of them is more retentive than that of the other. We are all liable to err and should deal with each other charitably on that account, as it is frailty of human nature, and forgetfulness, therefore, is consistent with perfect honesty. The plaintiff's counsel was under the express and positive instructions of his client not to make any agreement for an extension of time in serving the case on appeal, at least after the allotted time had expired, (33) and, therefore, did not have the authority to do so. It appears to us that he was very careful not to waive any of his client's rights or to disobey his instructions in what he did. We fully and readily acquit him of even the slightest wrongdoing, and find as a fact, and hold as matter of law, that he was at all times in the clear exercise of his legal rights as an attorney, and strictly observed the directions of his client, under which he was acting. He was without doubt misunderstood by the defendant's counsel and in his eagerness to be liberal and not disregard his client's instructions, he may have conceded too much, when the sheriff signed the return of service, but he did not surrender *Page 27 
any of his client's rights and could not do so under the circumstances. This is an honest difference of recollection between counsel, but we cannot settle it otherwise than by enforcing the rule of this Court.
It appears by the return of the officer that the defendant's case on appeal was served 4 April, 1911; but he testifies by affidavit that this return is not true in fact, and that the case was actually served 14 September, 1911, long after the lapse of the extended time. In his justification, it may be said that he merely signed the return in the presence of the counsel of plaintiff and defendant, at their request, or with their assent, the plaintiff's counsel expressly reserving all of his client's rights, and especially the right to object to the service as being too late. But officers should make true returns as to time and manner of service, and if they do not, the reason for misdating a return, or for any other inaccuracy, should be explained in the return — that is, the real facts should be fully stated. In this case no copy of the case on appeal was served upon the defendant's counsel, as admitted by the officer. He should have stated this fact in the return, and also the other undisclosed matters which are inconsistent with the return. But after all that can be said, the fact remains that there was no service of a case on the plaintiff within the time prescribed by law, or within the extended time, and the motion of the plaintiff is granted.
The appeal of defendant is dismissed, and judgment will be entered in the court below for the plaintiff, if it has not already been done. (34)
Appeal dismissed.
Cited: S. v. Black, 162 N.C. 640.